1  JOON W. SONG (SBN 180726)
   MICHAEL L. TUSKEN (SBN 175715)
2  THE SONG LAW GROUP,
3  A Professional Law Corporation
   818 West 7th Street, Suite 900
4  Los Angeles, California 90017
   Tel: (213) 622-1300
5  Fax: (213) 622-1301
6
   Attorneys for Secured Creditor,
7  NARA BANK, a California Corporation

8  **UNITED STATES BANKRUPTCY COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11 | In re | ) | **CASE NO. 2:09-BK-34903-ER** |
   | MIN J. KIM, | ) | |
12 | | ) | **CHAPTER 7** |
   |       Debtor. | ) | |
13 | | ) | |
   | | ) | **SUPPLEMENTAL DECLARATION OF** |
14 | | ) | **ANDREW S. PARK IN SUPPORT OF** |
   | | ) | **NARA BANK'S MOTION FOR RELIEF** |
15 | | ) | **FROM THE AUTOMATIC STAY AS TO** |
   | | ) | **REAL PROPERTY COMMONLY** |
16 | | ) | **KNOWN AS 1342-1354 WEST 39TH** |
   | | ) | **STREET, LOS ANGELES, CA 90062** |
17 | | ) | |
   | | ) | **Hearing On Motions** |
18 | | ) | DATE:    December 14, 2009 |
   | | ) | TIME:    10:00 A.M. |
19 | | ) | PLACE:  Courtroom 1568, 15th Floor |
   | | ) |             Roybal Federal Building |
20 | | ) |             255 East Temple Street |
   | | ) |             Los Angeles, CA 90012 |
21 | | ) | |
22 | | ) | **Status Hearing** |
   | | ) | DATE:    November 25, 2009 |
23 | | ) | TIME:    10:00 A.M. |
   | | ) | PLACE:  Courtroom 1568, 15th Floor |
24 | | ) |             Roybal Federal Building |
   | | ) |             255 East Temple Street |
25 | | ) |             Los Angeles, CA 90012 |
26 | | ) | |
27 | | ) | |
28 | _____ | ) | |

1

File No.: 1201-126

I, ANDREW S. PARK, declare as follows:

1. I am over the age of 18, and my primary place of employment is in the County of Los Angeles, State of California. I am Senior Vice President and Manager of the Special Assets Department of Nara Bank, a California corporation (hereinafter referred to as "Nara" or "Bank"). I make this declaration (this "Declaration") of my own, personal, firsthand knowledge, except where otherwise noted, and, if called as a witness, I could and would competently testify to the facts contained herein as they are personally known to me to be true.

2. In my capacity as Senior Vice President and Manager of the Special Assets Department of Nara, I have and did have custody, supervision and control of certain records and documents, one or some of which are attached as exhibits to this Declaration. In particular, I am a custodian of all records relating to the loan at issue herein. I have reviewed the files concerning this matter and am familiar with the facts set forth therein.

3. I state that the records and documents referred to in this Declaration constitute writings taken or made in the regular or ordinary course of Nara's business at or near the time of the act, condition or event to which same relate. I further state from my own knowledge that any such record or document as is referred to was prepared in the ordinary course of Nara's business by a person employed by Nara who has personal knowledge of the event being recorded and who has a business duty to so record such event. I am familiar with the ordinary and customary method and manner of the preparation and maintenance of financial institution business records, and I am particularly familiar with the method and manner of preparation of business records for the relevant time period.

4. This declaration is being submitted in support of Nara's Motion for Relief from the Automatic Stay, including In Rem relief, as to the real property commonly known as 1342-1354 West 39th Street, Los Angeles, California 90062 (the "Property").

**NARA'S REAL PROPERTY COLLATERAL**

5. On or about November 17, 2006, Hee J. Kim, an individual ("Borrower"), who subsequently represented to Nara that she is Debtor's sister, executed and delivered to Nara that certain Promissory Note, dated November 17, 2006, in the principal sum of $402,500 (the

"<u>Note</u>") to purchase the Property (the "<u>Subject Loan</u>").  In connection with the Note, Borrower and Nara entered into that certain Business Loan Agreement, dated November 17, 2006 (the "<u>Loan Agreement</u>").  True and correct copies of the Note and Loan Agreement are attached hereto as <u>Exhibits 1 and 2</u>, respectively, and incorporated herein by this reference as though set forth in full.

6.  As security for her obligations to Nara under the Note and Loan Agreement, Borrower, as trustor, executed and delivered to Nara that certain Deed of Trust, dated November 17, 2006, encumbering the Property, which was duly recorded on November 30, 2006, in the Official Records of the Recorder's Office of Los Angeles County, as instrument no. 20062651075 (the "<u>Deed of Trust</u>").  A true and correct copy of the Deed of Trust is attached hereto as <u>Exhibit 3</u> and incorporated herein by this reference as though set forth in full.

7.  In connection with the Deed of Trust, as further security for Borrower's obligations to Nara, including Borrower's obligations under the Note and the Loan Agreement, on or about November 17, 2006, Borrower executed and delivered to Nara an Assignment of Rents, dated November 17, 2006 (the "<u>Assignment</u>"), relating to the Property, as more particularly described therein, which Assignment Nara duly recorded on November 30, 2006, in the Official Records of the Recorder's Office of Los Angeles County, as instrument no. 20062651076.  A true and correct copy of the Assignment is attached hereto as <u>Exhibit 4</u> and incorporated herein by this reference, as though set forth in full.

8.  Hereinafter, Borrowers' obligations to Nara under the Note, Loan Agreement, Deed of Trust, Assignment, and any related loan documents (collectively, the "<u>Loan Documents</u>"), shall sometimes be referred to collectively as the "<u>Loan Obligations</u>."

**BORROWER'S DEFAULT AND NARA'S FORECLOSURE PROCEEDINGS**

9.  Borrower defaulted on her obligations under the Note, Deed of Trust and Assignment by, among other defaults, failing to make the monthly payments due on December 17, 2008, and each payment due thereafter, and by failing to pay the delinquent property taxes due on the Property.

///

File No.: 1201-126

1    10. As a result of the foregoing and other defaults, Nara exercised its rights under the Loan Documents and commenced foreclosure proceedings on the Property by recording a Notice of Default on March 11, 2009, as Instrument No. 2009 0342312 in the Official Records of the Recorder's Office of Los Angeles County (the "NOD") and subsequently recording a Notice of Trustee's Sale on June 17, 2009, as Instrument No. 20090909345 in the Official Records of the Recorder's Office of Los Angeles County (the "NTS").  True and correct copies of the NOD and NTS are attached hereto as Exhibits 5 and 6, respectively, and incorporated herein by this reference as though set forth in full.

11. The reinstatement deadline for the Subject Loan was June 11, 2009. Borrower failed to reinstate the Subject Loan by that date; therefore, all outstanding balances due under the Note were and currently remain accelerated, and are immediately due and payable in full.

### OUTSTANDING BALANCE DUE AND AMOUNT OF ARRERAGES

12. As of November 17, 2009, the outstanding sum due and owing from Borrower under the Loan Documents was at least $435,610.90, consisting of the following:

| | |
|---|---|
| Principal Balance: | $391,223.83 |
| Interest: | $32,122.72 |
| Late Charges: | $4,138.67 |
| Foreclosure Costs & Expenses: | $5,425.68 |
| Attorneys Fees and Costs: | $2,700.00 |
| (as of November 17, 2009) | |
| TOTAL: | $435,610.90 |

13. Notwithstanding that the Subject Loan is fully accelerated and that all outstanding balances due under the Note are immediately due and payable, as of September 16, 2009, the date petitioner filed the instant bankruptcy case ("Bankruptcy Case"), the total delinquent arrearage balance due from Borrower was $30,843.09 ("Pre-Petition Arrearage"), consisting of 9 unpaid monthly payments of $3,233.03 each and late charges of $1,745.82.  The

///

1  post-petition delinquent arreage due from Borrower is $9,699.09, consisting of three unpaid

2  payments of $3,233.03 each and late charges of $387.96.

3  **UNAUTHORIZED TRANSFER OF REAL ESTATE AND BAD FAITH FILING OF**

4  **SERIES OF BANKRUPTCY PETITIONS TO AVOID FORECLOSURE**

5  14.    Prior to recording the NOD, Nara attempted through multiple

6  communications with Borrower to obtain payment of Borrower's Loan Obligations.  Therefore,

7  Borrower was fully aware that she was delinquent in her Loan Obligations before Nara recorded

8  the NOD on March 11, 2009.

9  15.    Without Nara's knowledge or consent, Borrower transferred the Property

10 to Debtor by way of a grant deed that was recorded on March 2, 2009, in the Official Records of

11 the Recorder's Office of Los Angeles County, as instrument no. 20090290284 ("Grant Deed").

12 A true and correct copy of the Grant Deed as reflected in the public record is attached hereto as

13 Exhibit 7 and incorporated herein by this reference as though set forth in full.

14 16.    Nara's foreclosure sale was originally scheduled for July 10, 2009.  That

15 sale date was subsequently rescheduled to September 15, 2009.  I am informed and believe that

16 on August 19, 2009, Unimae Inc. ("Unimae"), a purported creditor of Debtor, filed an

17 involuntary petition under Chapter 7 of the Bankruptcy Code as the sole petitioning creditor, in

18 the above-captioned Court as Case No. 2:09-bk-32057-ER ("Unimae Petition").  On September

19 10, 2009, this Court dismissed the Unimae Petition and annulled the stay retroactive to the date

20 of filing based upon the United State's Trustee's application to dismiss under 11 U.S.C. § 707(a)

21 and § 305 (the "Application").

22 17.    In dismissing the Unimae Petition, this Court found good cause based

23 upon the Application and concluded that the Unimae Petition was an abusive filing and was not

24 filed by counsel and that Unimae had initiated two other involuntary bankruptcies within the

25 immediately prior three months as the sole petitioning creditor and did not prosecute those cases.

26 18.    I am informed and believe that petitioner filed the Bankruptcy Case on

27 September 16, 2009, only six days after the Unimae Petition was dismissed, to further delay

28 Nara's foreclosure.  I am further informed and believe that similar to Unimae, petitioner in the

Bankruptcy Case also is a corporate entity that is unrepresented by counsel, as set forth in the accompanying Declaration of Michael L. Tusken ("Tusken Decl."), Nara's attorney handling this matter, and also in the accompanying Memorandum of Points and Authorities ("MPA").

19.   I am informed and believe that Debtor's and petitioner's true motives are further demonstrated in that petitioner has yet to file a proof of service of the "Summons and Notice of Status Conference in an Involuntary Bankruptcy Case."

20.   The instant Bankruptcy Case represents the second involuntary petition filed by a purported creditor of Debtor and follows Borrower's transfer of the Property to Debtor, without Nara's knowledge or consent, only days before Nara filed the NOD.  Nara is justifiably concerned that the instant Bankruptcy Case was filed in bad faith in order to further delay, hinder and disrupt Nara's rightful attempts to foreclose on its real property collateral.

## FAIR MARKET VALUE OF THE PROPERTY, LACK OF ANY EQUITY AND REQUEST FOR IN REM RELIEF

21.   I am informed that the Property was significantly damaged by a fire that occurred on June 15, 2009.

22.   Based upon an appraisal summary obtained by Nara, together with an estimate representing the estimated cost to repair the damage to the Property caused by the fire, I am informed and believe that the Property has a fair market value of approximately $359,600, taking into account an appraisal value of $480,000 before the fire less estimated repair costs of $120,400.  Furthermore, as also based upon such appraisal summary, the market value is decreasing due to the decreasing market trend.

23.   The Appraisal Summary prepared by certified general appraiser Jinbum Peter Lee of JM United Appraisals ("Appraisal Summary"), indicates that as of March 5, 2009, the "as-is" market value of the Property was $480,000.  The repair estimate, dated June 30, 2009, prepared by AnLac Construction ("Repair Estimate"), indicates that the costs to repair the fire damage to the Property are approximately $120,400.  True and correct copies of the Appraisal Summary and Repair Estimate are attached hereto as Exhibits 8 and 9, respectively, and are incorporated herein by this reference as though set forth in full.

1  24.  I am informed that after obtaining the Subject Loan, Borrower executed
2  multiple deeds of trust in favor of beneficiaries other than Nara, encumbering the Property in the
3  aggregate amount of $350,320, in addition to the encumbrance of the Deed of Trust.  A true and
4  correct copy of each such deed of trust as reflected in the Official Records of the Recorder's
5  Office of Los Angeles County is attached hereto as the exhibit number stated below and
6  incorporated herein by this reference as though set forth in full.

| **Beneficiary** | **Exhibit #** | **Deed of Trust Date** | **Recording Date & Instrument Number** | **Amount** |
|---|---|---|---|---|
| L.A. Capital Bank, Inc. | 10 | October 4, 2007 | October 11, 2007 20072324771 | $90,000.00 |
| Min J. Kim | 11 | August 28, 2008 | September 5, 2008 20081605103 | $150,000.00 |
| Hancock | 12 | September 8, 2008 | September 10, 2008 20081632923 | $50,320.00 |
| Yoon Boon Hwang | 13 | October 28, 2008 | December 19, 2008 20082227698 | $60,000.00 |
| **Total** | | | | **$350,320.00** |

15  25.  I am informed that delinquent property taxes for the Property for fiscal
16  year 2008-2009 are $7,685.85 and that a lien for defaulted property taxes for fiscal year 2006-
17  2007 attached to the Property in the aggregate amount exceeding $15,861.79.  Such outstanding
18  property taxes and property tax lien are reflected in a Trustee Sale Guarantee excerpt attached
19  hereto as Exhibit 14 and incorporated herein by reference as though set forth in full.  Nara
20  obtained the Trustee Sale Guarantee in connection with its impending foreclosure sale.
21  26.  Accordingly, I am informed and believe that the Property has no equity
22  beyond the Nara's secured lien, and that Nara's interest is not adequately protected.
23  27.  Based upon Debtor and Borrower's concerted efforts to impermissibly
24  delay Nara's foreclosure proceedings, Nara respectfully submits that unless In Rem relief
25  restricting availability of the automatic stay as to Debtor, Borrower, any subsequent transferees
26  of the Property, and the current and any subsequent petitioning creditors, Nara is reasonably
27  concerned that Debtor, Borrower and/or transferees and current or subsequent petitioning
28

7

File No.: 1201-126

1  creditors will misuse the Bankruptcy Case or subsequent bankruptcy petitions to further delay
2  and frustrate Nara's foreclosure sale.
3       I declare under penalty of perjury under the laws of the State of California that the
4  foregoing is true and correct, and that this declaration is executed on November 19, 2009, at Los
5  Angeles, California.

                              ANDREW S. PARK

File No.: 1201-126