**EXHIBIT 7**

2

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME Man Kim

STREET
ADDRESS 234 S. Oxford Ave

CITY, STATE &
ZIP CODE L.A, CA 90004.

03/02/2009

*20090290284*

TITLE ORDER NO.          ESCROW NO.          SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

# GRANT DEED

APN: 5036 - 018 - 022
1344 W. 39th St
L.A, CA 90062.

The undersigned grantor(s) declare(s) _____
DOCUMENTARY TRANSFER TAX $ 0
☑ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area     City of _____

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)

Hee Jung Kim

hereby remise, release and grant to     Man Kim.

the following described real property in the City of Los Angeles, County of Los Angeles
State of California, with the following legal description: Lot 26 Block 2 of the Ross AND Jones TRACT, as per map recorded in Book 5 page 139 of Maps, in the office of the county Recorder of said County.

JAN 5, 2009
Date

Hee Jung Kim

STATE OF California

COUNTY OF Los Angeles

On March 2, 2009 before me, S. H. Kim Notary Public
        (Date)                          (Name and title of the officer)
personally appeared HEE JUNG KIM , who proved to me on the basis of
                        (Name of person signing)
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of officer

S. H. KIM
COMM. #1773040
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES NOV. 11, 2011
(Seal)

MAIL TAX STATEMENT AS DIRECTED ABOVE

* There are various types of deed forms depending on each person's legal status. Before you use this form you many want to consult an attorney if you have questions concerning which document form is appropriate for your transaction.

This is a bonafide gift and the grantor received nothing in return, RAT 11/11

**EXHIBIT 8**

# *REAL ESTATE APPRAISAL*
# *SUMMARY REPORT*

*A 6-Unit Apartment Property*



## 1344 W. 39th St.
## Los Angeles, CA 90062

**AS OF :**
March 5, 2009

**PREPARED FOR :**
Nara Bank
3731 Wilshire Blvd. #1000
Los Angeles, CA 90010

**PREPARED BY :**
*JM United Appraisals*
3345 Wilshire Boulevard, Suite 1105
Los Angeles, CA 90010



**JM United Appraisals**

March 16, 2009

**Nara Bank**
3731 Wilshire Blvd. #1000
Los Angeles, CA 90010
ATTN: Mr. James Lim

Subject:    Appraisal of a 6-unit Apartment Property located at:
            1344 W. 39th St., Los Angeles, CA.

Dear Mr. Lim:

JM United Appraisals is pleased to transmit the summary report of the above-referenced real property. The purpose of this appraisal is to develop an opinion of the market value of the fee simple interest of the property as of March 5, 2009 the effective date of the appraisal.

The following report sets forth the most pertinent data gathered, the techniques employed, and the reasoning leading to our opinion of value. The analyses, opinions and conclusions were developed based on, and this report has been prepared in conformance with, our interpretation of the guidelines and recommendations set forth in the Uniform Standards of Professional Appraisal Practice (USPAP), the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), and Nara Bank's appraisal standards. The depth of discussion contained in this report is specific to the needs of the client and the intended use of the appraisal as noted herein.

Based on the analyses and conclusions in the accompanying report, and subject to the definitions, assumptions, and limiting conditions expressed in herein, we have formed the opinion that, as of March 5, 2009, the "As Is" market value of the fee simple interest of the subject property is,

## FOUR HUNDRED EIGHTY THOUSAND DOLLARS

### $480,000

Respectfully submitted,
JM United Appraisals

COPY

Jinbum Peter Lee
Certified General R. E. Appraiser
California AG 036217

*SUMMARY OF SALIENT FACTS*

| IDENTIFICATION OF THE SUBJECT | |
|---|---|
| **Thomas Guide Map:** | 673-J2 |
| **Property Address:** | 1344 W. 39th St., Los Angeles, CA 90062 |
| **Type of Property:** | Multi-family Residential |
| **Current Use:** | 6-unit Apartment |
| **Owner:** | Hee J. Kim |
| **Census Tract:** | 2313.00 |
| **Flood Map Zone:** | Zone "X" 060137 1620F |
| | Flood Insurance is not required |
| | Effective Date:          September 26, 2008 |
| **Interest Appraised:** | Fee Simple |
| **Effective Date of Appraisal:** | March 5, 2009 |
| **Date of Report:** | March 16, 2009 |

| PROPERTY DESCRIPTION | | | |
|---|---|---|---|
| SITE | | | |
| **APN:** | 5036-018-022 | **Topography:** | Level |
| **Area:** | 6,400       SF | **Parcels/Lots:** | 1 Parcel/ 1 Lot |
| **Zoning:** | RD2-1 | **Shape:** | Rectangular |
| PROPOSED IMPROVEMENTS | | | |
| **Construction:** | Class D | **Unit Count:** | 6 |
| **Year Built:** | 1924 | **Vacant Units:** | None |
| **Stories:** | One | **Floor Area Ratio:** | 56% |
| **Gross Bldg. Area:** | 3,600       SF | **Bedroom Mix:** | 6 (1 + 1) |
| **Rentable Area:** | 3,600       SF | **Total Economic Life:** | 45 Years |
| **Zoning Status:** | Legal Non-conforming | **Remaining Econ. Life:** | 25 Years |
| PROPERTY OVERVIEW | | | |

The subject site is improved with 3 single-story wood-frame buildings constructed in 1924. There are currently no vacant units.  The public record indicated the Gross Building Area of 4,218 SF, however the appraiser's measurement came out to be 3,600 SF.  We were unable to determine this discrepancy.  So, the actual measurement from the appraiser will be used throughout the report.  The subject only consists of 6 one-bedroom/one-bath units. The estimated market rent is concluded $4,800 ($800/unit) per month which is same as the actual rent ($4,800). We select four sale comparables similar to the subject in location indicating average unit sale price of $77,500 after adjustments. Considering current decreasing market trend, applying higher cap rate of 8.0%, we have concluded the final market value of the subject at $480,000.

| VALUE INDICATIONS | Market Value Indication |
|---|---|
| INSURABLE VALUE | **$220,000** |
| COST APPROACH | Not Applicable |
| INCOME APPROACH | **$470,000** |
| MARKET APPROACH | **$480,000** |
| CONCLUSION | **$480,000** |

**EXHIBIT 9**

July 22, 2009

To Whom It May Concern

Per request of the insured, I am sending the preliminary repair cost estimate for the property located at 1344 West 39th Street Los Angeles, CA 900063 caused by fire damage. The fire had damaged the interior of improvement to the extent that the electrical wiring, gas pipe system and structural supports have been compromised.

The building was constructed years ago with a technique far lagging behind current construction codes. as a result, the entire roof has to be brought up to codes.

This estimate takes into consideration of stringent building codes adopted by the City of Los Angeles in reducing casualty caused by earthquake, fire and hail as nature frequently evolves. In order to begin work, an initial deposit of %50 of the preliminary estimate must be made in order to comfortably cover material costs and labor costs. The remaining payments should be in the amounts of %30 and %20 of the estimate in order to get the work done promptly.

Sincerely,

Chris Do

# Estimate

AnLac Construction - License #894391

11621 Stephanie Ln
Garden Grove, CA 92840

| Date | Estimate # |
|------|------------|
| 6/30/2009 | 1 |

**Name / Address**

Hee Jung Kim
1344 W. 39th Street
Los Angeles, CA 90060

| Project |
|---------|
|  |

| Description | Qty | Rate | Total |
|-------------|-----|------|-------|
| Architectural drawing, compliance to Los Angeles City and County building codes | | 17,800.00 | 17,800.00 |
| Plan check, inspection fees, and construction permit | | 4,200.00 | 4,200.00 |
| replace the fire damaged roof structure of the building with up to date fire and earth quake coded structure | | 65,000.00 | 165,000.00 |
| Construct ceiling | | 8,700.00 | 8,700.00 |
| Build the fire damaged replacement wall | | 2,500.00 | 2,500.00 |
| Replace the fire damaged electrical wire and install new light fixture | | 9,800.00 | 9,800.00 |
| Rebuild plumbing system and natural gas piping as replacement resulted from fire | | 5,900.00 | 5,900.00 |
| Interior and exterior building paint | | 6,500.00 | 6,500.00 |

The construction project would take 12 to 15 weeks to complete.
Thank you for your business.

| Total | $120,400.00 |
|-------|-------------|

**EXHIBIT 10**

  **This page is part of your document - DO NOT DISCARD**  



**20072324771**    **Pages: 008**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**10/11/07 AT 08:00AM**

Fee:  49.00
Tax:  0.00
Other: 0.00
_____
Total: 49.00

**Title Company**

# TITLE(S) :

_____



L  E  A  D      S  H  E  E  T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

    **THIS FORM IS NOT TO BE DUPLICATED**    

**RECORDING REQUESTED BY:**

**AND WHEN RECORDED MAIL TO:**

L.A. Capital Bank
107-E 8TH ST #101
Los Angeles CA
90014

2

SPACE ABOVE FOR RECORDER'S USE ONLY

7.35.4.

Deed OF Trust
**Title of Document**

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

CHICAGO PIRT DIVISION, LSI TITLE CO.

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:    **L.A. CAPITAL BANK,INC.**
**(not a commercial bank)**
**107 East 8th Street, Suite 101.**
**Los Angeles, California 90014**

Title No. : 72509504-

Escrow No.

10/11/07

|||||||||||||||||||||||||||||||||||||||||||||||||||

**20072324771**

---

# DEED OF TRUST
# WITH ASSIGMENT OF LEASES AND RENTS
# AS ADDITIONAL SECURITY

---

This DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS AS ADDITIONAL SECURITY (this "Deed of Trust") is made as of _October 4, 2007 ,by Hee Jung Kim, An Unmarried Woman ("Trustor"), to CHICAGO TITLE COMPANY, as trustee ("Trustee"), for the benefit of L.A. Capital Bank, Inc. (Not a Commercial Bank), a California corporation (together with its successors and assigns, "Beneficiary").

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property located at 1344 West 39th Street, Los Angeles, California 90062, County of Los Angeles, State of California described as:

See Exhibit" A" Attached.

A.P.N.5036-018-022

Together with the leases and rents, issues and profits thereof, subject, however to the right, power and authority hereinafter given to an conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the purpose of securing (1) payment o the sum of Ninety Thousand Dollars ($ 90,000.00) with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, paycble to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) payment of additional sums and interests thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.    To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees to the following:

(1)    Trustor shall: (i) keep said property in good condition and repair; (ii) not remove or demolish any building thereon; (iii) complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; (iv) comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; (v) not commit or permit waste thereof; (vi) not commit, suffer or permit any act upon said property in violation of the law; and, (vii) cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)    Trustor shall provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)    Trustor shall appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

(4)    Trustor shall pay at least ten (10) days before delinquency: (i) all taxes and assessments affecting said property, including assessments on appurtenant water stock; (ii) when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; and, (iii) all costs, fees and expenses of this Deed or Trust.

(5)    Should Trustor fail to make any payment or to do any act as herein provided, Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: (i) make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; (ii) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (iii) pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, (iv) in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(6)    Trustor shall pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof; and, pay for any statement provided for by law in effect at the date hereof

regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually agreed that:

(1)    Any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him or her in the same manner and with the same effect as above provided for disposition or proceeds of fire or other insurance;

(2)    By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay;

(3)    At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said note for endorsement, and without affecting the personal liability or any person for payment of the indebtedness secured hereby, Trustee may:  (i) reconvey any part of said property; (ii) consent to making of any map or plat thereof; (iii) join in granting any easement thereon; or (iv) join in any extension agreement or any agreement subordinating the lien or charge hereof;

(4)    Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder; and, the recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof (the Grantee in such reconveyance may be described as "the person or persons legally entitled thereto");

(5)    As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this trust, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable;

(6)    Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine; and the entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice;

(7)     Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record;

(8)     Beneficiary shall deposit with Trustee this Deed of Trust, said note and all documents evidencing expenditures secured hereby;

(9)     After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale;

(10)     Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement;

(11)     Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty, express or implied; and the recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof;

(12)     Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale;

(13)     After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto;

(14)     Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor of successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties; and said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee;

(15)     That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns;

4

(16)   The term Beneficiary shall mean the owner and holder , including pledgees, of the note secured hereby, whether or not named as Beneficiary herein;

(17)   In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural;

(18)   Trustee accepts this trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law;

(19)   Trustee is not obliged to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee;

(20)   Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Hee Jung Kim
Trustor's Signature

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

STATE OF CALIFORNIA,
COUNTY OF LOS Angeles

On 10/9/07 before me, Jinseon Hur Notary public

personally    appeared    Hee Jung Kim
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (seal)



Exhibit "A"

# DESCRIPTION

Order No. 72509504 –

LOT 26 BLOCK 2 OF THE ROSS AND JONES TRACT, AS PER MAP RECORDED IN BOOK 5 PAGE 139 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

07 2324771

PIRTDES ~11/05/98bk

**EXHIBIT 11**

EXHIBIT 11

 

**This page is part of your document - DO NOT DISCARD**



**20081605103**   Pages:
005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/05/08 AT 08:00AM**

| | |
|---|---|
| Fee: | 33.00 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 33.00 |

**Title Company**

# TITLE(S) :





L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

-                  -

    E 260029    **THIS FORM IS NOT TO BE DUPLICATED**    

**RECORDING REQUESTED BY:**
STEWART TITLE CO

**AND WHEN RECORDED MAIL TO**

MIN J KIM

**929 S. Muirfield Road.**
**Los Angeles, CA 90019**



09/05/08

# 20081605103

THIS SPACE FOR RECORDER'S USE ONLY

Escrow No.: L-026388-GK | Title Order No.: 3221-138520

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made August 28, 2008        A P #5036-018-022

HEE J KIM, an Unmarried Woman, herein called Trustor,
whose address is N/A and

MIN J KIM, herein called Trustee, MIN J KIM , herein called **BENEFICIARY**,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE that Property in Los Angeles County, California, described as
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as   1344 W 39TH ST , LOS ANGELES, CA 90062

**This deed of trust is second and junior in lien to a deed of trust recording concurrently herewith**

TOGETHER WITH the rents, issues and profits thereof, **SUBJECT, HOWEVER,** to the right power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits  **For the Purpose of Securing.**   1  Performance of each agreement of Trustor incorporated by reference or contained herein   2  Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extensions or renewal thereof, in the principal sum of **$150,000.00** executed by Trustor in favor of Beneficiary or order   3  Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured

**DATED August 28, 2008**
STATE OF CALIFORNIA
COUNTY OF LOS Angeles
On Aug. 29, 2008
before me, Heather J. Jung, Notary Public
A Notary Public in and for said State personally appeared
Hee J. Kim



HEE J KIM

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct
WITNESS my hand and official seal

> HEATHER J JUNG
> COMM # 1642782
> NOTARY PUBLIC-CALIFORNIA
> LOS ANGELES COUNTY
> My Comm Exp Feb 2, 2010

Signature_____       (Seal)

This document was filed for recording by Stewart Title as an accommodation only. It has not been examined as to its execution or as to its effect upon the title

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that the provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Kings | 792 | 833 | Placer | 895 | 301 | Sierra | 29 | 335 |
| Alpine | 1 | 250 | Lake | 362 | 39 | Plumas | 151 | 5 | Siskiyou | 468 | 181 |
| Amador | 104 | 34 | Lassen | 171 | 471 | Riverside | 3005 | 523 | Solano | 1105 | 182 |
| Butte | 1145 | 1 | Los Angeles | T2055 | 899 | Sacramento | 4331 | 62 | Sonoma | 1851 | 389 |
| Calaveras | 145 | 152 | Madera | 810 | 170 | San Benito | 271 | 383 | Stanislaus | 1715 | 456 |
| Colusa | 296 | 617 | Marin | 1508 | 339 | San Bernardino | 5567 | 61 | Sutter | 572 | 297 |
| Contra Costa | 3978 | 47 | Mariposa | 77 | 292 | San Francisco | A332 | 905 | Tehama | 401 | 289 |
| Del Norte | 78 | 414 | Mendocino | 579 | 530 | San Joaquin | 2470 | 311 | Trinity | 93 | 366 |
| Eldorado | 568 | 456 | Merced | 1547 | 538 | San Luis Obispo | 1151 | 12 | Tulare | 2294 | 275 |
| Fresno | 4626 | 572 | Modoc | 181 | 851 | San Mateo | 4078 | 420 | Tuolumne | 135 | 47 |
| Glenn | 422 | 184 | Mono | 52 | 429 | Santa Barbara | 1878 | 860 | Ventura | 2062 | 386 |
| Humboldt | 657 | 5327 | Monterey | 2194 | 538 | Santa Clara | 5336 | 341 | Yolo | 653 | 245 |
| Imperial | 1091 | 501 | Napa | 639 | 86 | Santa Cruz | 1431 | 494 | Yuba | 334 | 486 |
| Inyo | 147 | 598 | Nevada | 305 | 320 | Shasta | 684 | 528 | | | |
| Kern | 3427 | 60 | Orange | 5889 | 611 | San Diego | Series 2 Book 1961 Page 183887 | | | | | |

(which provisions, identical in all counties are printed on the reverse hereof) are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length, that he will observe and perform said provisions, and that the references to property, obligations, and parties set forth in this Deed of Trust

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth

---

DO NOT RECORD

## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid

To: Trustee Company Line, Trustee·          Dated _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust  All sums secured by said Deed of Trust have been fully paid and satisfied, and you are hereby requested and directed , on payment to you any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same

| MAIL RECONVEYANCE TO | |
|---|---|
| | |
| | |
| | |

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures  Both must
be delivered to the Trustee for cancellation before reconveyance will be made

DO NOT RECORD

4

The following is a copy of provisions (1) to (14), inclusive, of the fictitious deed of trust, recorded in each county of California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein

**To Protect the Security of This Deed of Trust, Trustor Agrees.**

1       To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and material furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violation of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

2       To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary   The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor   Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

3       To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee  and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum  in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed

4       To pay, at least ten days before delinquency all taxes and assessments affecting said property  including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto  all costs, fees and expenses of this Trust

        Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purpose, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

5       To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded

6       That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such money(ies) received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance

7       That by accepting payment of any sum secured hereby its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay

8       That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may  reconvey any part of said property, consent to the making of any map or plat thereof, join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof

9       That upon written request of Beneficiary stating that all sums secured hereby have been paid  and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty  the property then held hereunder   The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto "  Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them)

10      That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable  Upon any such default, Beneficiary may at any time without notice  either in person, by agent  or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same  less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine   The entering upon and taking possession of said property  the collection of such rents, issues and profits and the application thereof as aforesaid  shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

11      That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record  Beneficiary also shall deposit with Trustee this Deed  said note and all documents evidencing expenditures secured hereby

        After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any convenant or warranty express or implied   The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale

        After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of, all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in  effect at the date hereof, all other sums then secured hereby, and the remainder, if any  to the person or persons legally entitled thereto

12      Beneficiary, or any successor in ownership of any indebtedness secured hereby  may from time to time, by instrument in writing  substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated  shall be conclusive proof of proper substitution of such successor Trustee or Trustees  who shall without conveyance from the Trustee predecessor, succeed to all its title  estate, rights  powers and duties  Said instrument must contain the name of the original Trustor  Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee

13      That this Deed applies to inures, to the benefit of, and binds all parties hereto, their heirs, legatees, devisees  administrators  executors  successors and assigns  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby whether, or not named as Beneficiary herein  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural

14      That Trustee accepts this Trust when this Deed, duly executed and acknowledged  is made a public record as provided by law  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee

# EXHIBIT "A"

## LEGAL DESCRIPTION

ORDER NO.:    138520
ESCROW NO ·   L-026388-Gk

The land referred to herein is situated in the State of California County of Los Angeles, City of Los Angeles, and described as follows

Lot 26, Block 2 of the Ross and Jones Tract, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 5 Page 139 of maps, in the office of the County Recorder of said County.